No. 88–229.  DOW JONES & CO., INC., ET AL. v. SIMON ET AL. C. A. 2d Cir.  Certiorari denied.  JUSTICE STEVENS took no part in the consideration or decision of this petition.

JUSTICE WHITE, with whom JUSTICE BRENNAN and JUSTICE MARSHALL join, dissenting.

In *Nebraska Press Assn.* v. *Stuart*, 427 U. S. 539 (1976), we held that an order restraining the news media from reporting or

commenting on public judicial proceedings was a prior restraint on speech and that the State had not in that case overcome the high barriers to the use of a prior restraint. *Id.*, at 570. The restraining order in this case is directed against the participants in the trial, not against the media, but it is likewise challenged by various news agencies as an unconstitutional prior restraint.

This case arises out of the trial of several criminal defendants, including Representative Mario Biaggi and former Bronx Borough President Stanley Simon, on federal racketeering charges based on their involvement with Wedtech, a South Bronx military contractor. On April 23, 1987, at the request of the defendants, the District Court entered an order restraining the prosecutors, defendants, and defense counsel from making extrajudicial statements to the press. The Government initially concurred in the order but eventually joined with petitioners, the news agencies, in seeking to have the order vacated. On July 10, 1987, the District Court modified its order to allow the parties to state, without elaboration, matters of public record and to explain, without characterization, the substance of any motion or step in the proceedings. Otherwise, however, the court continued the order in force.

Petitioners appealed to the United States Court of Appeals for the Second Circuit, which affirmed the July 10 order. After finding that petitioners had standing to complain, the court stated that "there is a fundamental difference between a gag order challenged by the individual gagged and one challenged by a third party; an order objected to by the former is properly characterized as a prior restraint, one opposed solely by the latter is not." *In re Application of Dow Jones & Co.*, 842 F. 2d 603, 609 (1988). Because only the news agencies opposed the restraining order, the court concluded that a prior restraint had not been imposed. The court then held that the restraining order was justified because there was a "reasonable likelihood" that pretrial publicity would otherwise have prejudiced the defendants' rights to a fair trial. *Id.*, at 610.

By so holding, the Second Circuit joined the Ninth Circuit, which had previously refused to treat as a prior restraint a restraining order directed against the parties and challenged only by the media. Compare *Radio & Television News Assn.* v. *United States District Court*, 781 F. 2d 1443, 1446 (CA9 1986) (order challenged by media), with *Levine* v. *United States District Court*, 764

F. 2d 590, 595 (CA9 1985) (order challenged by trial participants), cert. denied, 476 U. S. 1158 (1986). That approach conflicts directly with the approach taken by the Sixth Circuit, which held in *CBS Inc.* v. *Young*, 522 F. 2d 234, 239 (1975), that "the conclusion is inevitable that [such a restraining order] constitutes a prior direct restraint upon freedom of expression." Moreover, the Second Circuit's adoption of a "reasonable likelihood" standard conflicts with the Sixth Circuit's "clear and present danger" standard. *Id.*, at 238. Because of the importance of this issue and the conflicting resolutions given it by the Courts of Appeals, I would grant the petition for certiorari.